# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Information Associated with The Cellular Telephone Assigned call number (301) 586-2431, That is Stored at Premises Controlled by Sprint Corporation | ) ) ) ) ) ) )   Case No.   20-SC-590<br><br>Under Seal |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of ___Kansas___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 1951 | Interference with Interstate Commerce By Robbery |
| 18 U.S.C. Section 924(c)(1) | Using, Carrying, Possessing, and Brandishing a Firearm during a Crime of Violence |

The application is based on these facts:
See Attached Affidavit.

- ☑ Continued on the attached sheet.
- ☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Riley Palmtree, Special Agent-FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ___Telephone___ *(specify reliable electronic means)*.

Date: 03/20/2020

*Judge's signature*

City and state: Washington, DC

Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means ☑ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br>Information Associated with The Cellular Telephone Assigned call number (301) 586-2431, That is Stored at Premises Controlled by Sprint Corporation | Case No.   20-SC-590<br><br>Under Seal |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of   Kansas
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before   04/02/2020   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Robin M. Meriweather   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for  30  days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   03/20/2020
                                                                                              *Judge's signature*

City and state:   Washington, DC                                         Robin M. Meriweather, U.S. Magistrate Judge
                                                                                              *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** |||
|---|---|---|
| Case No.:<br>20-SC-590 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

| **Certification** |
|---|
| <br>       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br><br>Date: _____<br><br>                                                                                                   _____<br>                                                                                                                       *Executing officer's signature*<br><br>                                                                                                   _____<br>                                                                                                                            *Printed name and title* |

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number (301) 586-2431 ("the Account"), that are stored at premises controlled by Sprint ("the Provider"), headquartered at 6480 Sprint Parkway, Overland Park, KS, 66251, for the time period September 28, 2018, 00:00 AM EST, through October 2, 2018, 11:59 EST.

## ATTACHMENT B

## Particular Things to be Seized

I. **Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A.

a.  The following information about the customers or subscribers of the Account:

i. Names (including subscriber names, user names, and screen names);
ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
iii. Local and long-distance telephone connection records;
iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
v. Length of service (including start date) and types of service utilized;
vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

     viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

  b. Cell site locations and sectors for all outgoing and incoming voice, SMS, MMS, and Data transactions.

c. All available Timing Advance Reports (e.g. True Call Report), to include cell site, sector, and distance from tower, IP session and Data.

d. All available Mobile Data Session and IPv6 reports.

e. All available voicemails.

II. **Information to be Seized by the Government**

All information described above in Section I that constitutes evidence and instrumentalities of violations of Interference with Interstate Commerce By Robbery, in violation of Title 18, United States Code, Section 1951; and Using, Carrying, Possessing, and Brandishing a Firearm during a Crime of Violence, in violation of 18 U.S.C. Section 924(c)(1), potentially involving DELONTE LIPSCOMBE, and other unidentified suspects during the period from September 28, 2018, 00:00 AM EST, through October 2, 2018, 11:59 EST.

III. **Government procedures for warrant execution**

The United States government will conduct a search of the information produced by the PROVIDER and determine which information is within the scope of the information to be seized specified in Section II. That information that is within the scope of Section II may be copied and retained by the United States.

Law enforcement personnel will then seal any information from the PROVIDER that does not fall within the scope of Section II and will not further review the information absent an order of the Court. Such sealed information may include retaining a digital copy of all information received pursuant to the warrant to be used for authentication at trial, as needed.

AO 95
(Rev. 09/12)

# ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS

## DELAYED-NOTICE SEARCH WARRANT REPORT

The information on this form should be submitted each time judicial action is taken on an application for a delayed-notice search warrant or for an extension of a delayed-notice period. See 18 U.S.C. § 3103a(d)(1).
NOTE: If an extension to the notice period is requested, information will need to be submitted for each extension.

**Please enter the information on this form into the InfoWeb Delayed-Notice Search Warrant Reporting System on the J-Net or into CM/ECF version 6.0 or later, if available.**

For more information, see the Delayed-Notice Search Warrant page on the J-Net.

1. **Name of Judge:** Magistrate Judge Robin M. Meriweather   ( ☐ check if state court judge)

2. **Federal Judicial District:** District of Columbia

3. **Date of Application for Delayed Notice:** March 20, 2020

4. **Offense (Most Serious) Specified:**
   ☐ Drugs   ☐ Fraud   ☐ Weapons   ☐ Immigration   ☐ Terrorism
   ☐ Sex Offenses   ☐ Theft   ☐ Kidnapping   ☐ Tax
   ☐ Extortion/Racketeering   ☐ Fugitive/Escape/Supervised Release Violation
   ☑ Other *(specify)*: Robbery

5. **Type of Application:**   ☑ Initial request for delay
   ☐ Extension of previously authorized delay
   *(Number of extensions previously granted: _____ )*

6. **Judicial Action Taken:**   ☐ Denied   ☐ Granted   ☐ Granted as modified

7. **Case Number (e.g., 'mc' Number) of Warrant:** ____ : ____ - ____ - ____
   office   year   type   number

8. **Period of Delay Authorized in This Action (days):** 30

9. **Preparer's Name:** Bianca Forde            **Title:** Assistant United States Attorney
   **Phone number:** 202-252-1706              **Date of report:** March 20, 2020

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF Information Associated with The Cellular Telephone Assigned call number (301) 586-2431, That is Stored at Premises Controlled by Sprint Corporation** | Case No.  20-SC-590<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Riley Palmertree, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number (301) 586-2431 ("the SUBJECT PHONE") that is stored at premises controlled by Sprint Corporation ("Sprint"), a wireless telephone service provider headquartered at 6480 Sprint Parkway, Overland Park, KS, 66251.  The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require Sprint to disclose to the government copies of the information further described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I have been a Special Agent with the Federal Bureau of Investigation since May 2017.  I am currently assigned to the FBI Washington Field Office ("WFO") in Washington, D.C.  I am

currently assigned to the Violent Crimes Task Force Squad CR-2, which focuses on the Washington, D.C. metropolitan area. I have investigated violent crimes since approximately October 2017. As part of my duties, I have investigated bank robberies, carjackings, kidnappings, fugitive cases, and other crimes of violence. During these investigations, I have employed a variety of investigative techniques, including the use of cellular phone technology, cellular towers, and the analysis of historical cellular phone records for the purpose of determining the approximate location from which a phone was used at the particular time or range of times.

3. This work has included consultation with the FBI's Cellular Analysis Survey Team (CAST). CAST can perform analysis on call detail records for a target phone. The call detail records document the network interaction to and from the target cell phone. Additionally, the records document the cell tower and cell sector ("cell site") which served the cell phone during the period of activity. Used in conjunction, the call detail records and a list of cell site locations can be used to illustrate an approximate location of the target cell phone when it initiated contact with the network. These locations can then be mapped and the cell site data plotted to illustrate the cell site activity over a particular period of time.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents (including members of FBI's CAST) and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. For the reasons discussed in detail below, I believe that the records described below (including the historic cell site records) will provide evidence of Interference with Interstate Commerce By Robbery, in violation of Title 18, United States Code, Section 1951; and Using, Carrying, Possessing, and Brandishing a Firearm during a Crime of Violence, in violation of 18 U.S.C. Section 924(c)(1) (collectively, the "TARGET OFFENSES"), including the approximate location of this device in relation to the area in which the TARGET OFFENSES occurred.

6. These offenses were committed in the District of Columbia. Based on the facts set forth in this affidavit, there is probable cause to believe that the TARGET OFFENSES have been committed, are being committed, and will be committed by DELONTE LIPSCOMBE, and other identified and unidentified suspects. There is also probable cause to search the information described in Attachment A for evidence and instrumentalities of these crimes as further described in Attachment B.

## JURISDICTION

7. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, DC. *See* 18 U.S.C. § 3237. Finally, the offenses under investigation are the subject of a grand jury investigation in the District of Columbia.

**PROBABLE CAUSE**

October 1, 2018 Robbery

8.      On Monday, October 1, 2018, members of the Metropolitan Police Department ("MPD") responded to The Smith Restaurant, located at 901 F Street, N.W., Washington, D.C. 20001 ("The Smith" or the "Offense Location") following the report of an armed robbery at that location. There, the officers made contact with Witness 1, Witness 2, and Witness 3, all employees of The Smith.

9.      The initial investigation revealed that shortly after midnight an unknown subject, S-1, entered The Smith through a rear alley door just as W-1 was leaving for the evening. S-1, masked and brandishing a firearm, ordered W-1 to the ground. S-1 then knocked on the manager's office door, located near the rear ingress/egress door of The Smith. W-2 and W-3 were in the office at the time documenting inventory.

10.     After hearing a knock or tap on the door, W-3 opened the office door and observed S-1 wielding a firearm. S-1 ordered W-1 into the office and detained all three witnesses there at gunpoint.  S-1then ordered W-2 to open the office safe. W-2 complied and removed the contents of the safe, which included $2,922 in U.S. currency. S-1 took the cash and fled the location through the same door S-1 used for entry.

Video Related to the Incident

*Smith Video Footage*

11.     CCTV and other video footage obtained during the course of MPD's investigation proved to have substantial evidentiary value. Video footage obtained from The Smith

captured S-1 as S-1 entered The Smith brandishing an object similar in size and shape to a handgun, depicted below:



12. Footage from inside of the manager's office shows W-3 open the office door. S-1 is then observed pointing a gun directly at W-3. W-1 then enters the office followed by S-1 who closes the door behind himself and W-1.

13. All witnesses initially get on the ground and crawl away from S-1, until W-2 is instructed by S-1 to open the safe. S-1 is observed holding a gun to W-2's back as W-2 unlocks the safe and removes its contents.



14. Once S-1 takes possession of the safe's contents, he is captured leaving The Smith around 12:06 am.

*MPD Video Footage*

15. At 12:05:49 a.m., right before the robbery, S-1 can be observed entering "McGill Alley", the alley behind The Smith through a propped open back door. After the robbery, S-1 briefly reentered the alley at approximately 12:09:12 a.m., but exits at 12:09:30 a.m. S-1 then travels northbound on 9th St N.W, and is observed heading eastbound on G St N.W. and then northbound on 8th St N.W.

16. S-1 is then picked up by an unknown individual who is operating what is believed to be a Chevrolet Trailblazer ("suspect vehicle"). According to video surveillance, the suspect vehicle travels southbound on 8th St N.W., picks up S-1, and then makes a left and travels eastbound on G St N.W. The suspect vehicle then makes a right on 7th St N.W., and travels southbound.

17. As the vehicle fled, the same camera captures black writing on the vehicle's left front panel. The writing is consistent with markings later observed in LPR records and images related to the suspect vehicle, described below.

Additional Witness Interviews Reveal Connection between S-1, W-3, and the Suspect Vehicle

18. Detective Andrew McCallum made contact with W-4, an employee of The Smith. W-4 advised McCallum that W-3 usually leaves The Smith when it closes at 11:00 pm, and that it was unusual for W-3 to be at The Smith as late as midnight.

19. W-4 also highlighted multiple instances on The Smith Video footage where W-3 appeared to be standing in the rear area of The Smith, where S-1 made entry, and using his phone to send text messages.

20. Further, W-4 provided law enforcement with an Instagram image located through a query of W-3's Instagram page. The individual in the photograph appeared to be wearing a sweatshirt similar, if not identical to, the very distinct sweatshirt worn by S-1 during the robbery.

21. In particular, the sweatshirt worn by S-1 has multi-colored sleeves and a multi-colored torso area, as well as "NIKE" written on the left sleeve. The sleeves also have cuffs colored to match the torso color. In the Instagram picture, the "NIKE" swoosh symbol and "NIKE" on the sleeve appear to be flipped when compared to the image from The Smith, indicating that the subject was standing in front of a mirror when the image below was taken:



22. The Instagram user tagged to the image above is "_aye_tay_". Information obtained through a warrant served upon Facebook, the parent of Instagram, established that username "_aye_tay_" is registered to Instagram user DELONTE LIPSCOMBE.

23. Further investigation revealed that LIPSCOMBE, D.O.B. 10-4-1991 PDID 711021 is the brother of W-3. Additional queries of law enforcement databases revealed that a gold 2005 Chevrolet Trailblazer (SUV) bearing Virginia Tag VZS9089 is registered to LIPSCOMBE.

24. When this vehicle information was compared to license plate reader yields from October 1, 2018, law enforcement learned that an LPR reader placed LIPSCOMBE's vehicle near the I-395 & S. Capitol St. S.W. ("LPR Hit Location") off-ramp at 12:16 am.  The LPR Hit-Location is 1.6 miles, and a 4-minute drive, from The Smith.

25. The images captured by the LPR reader further revealed spray painted markings on LIPSCOMBE'S vehicle, similar to the markings on the suspect vehicle believed to be fleeing the scene of the robbery on October 1, 2018.



26. On October 17, 2018, law enforcement met with Witness 5. Witness 5 is familiar with LIPSCOMBE. Witness 5 viewed the videos from inside of The Smith. Witness 5 did not identify LIPSCOMBE in the video, stating that it did not believe the suspect was LIPSCOMBE.

Witness 5 explained that the person in the video appeared "bigger in the upper part [torso] and was much bigger than Steve's (Witness 3's) brother" and had different mannerisms when compared to Delonte Lipscombe. Witness 5 also stated that it could not observe LIPSCOMBE's facial "star" tattoo in the video. According to Witness 5, LIPSCOMBE has a star tattoo on his face. The Smith robbery suspect, however, had covered his face by a mask, which would have concealed the star tattoo. Witness 5 then viewed the Instagram image of the individual (previously provided by Witness 4) wearing the Nike sweatshirt and identified the individual as LIPSCOMBE. Witness 5 identified additional photographs of LIPSCOMBE, and his brother, Witness 3.

<u>Call Detail Records Reveal W-3 Communicating with Telephone No. (301) 586-2431</u>

27.     According to call detail records for W-3's registered phone number of (202) 910-2565 (hereafter referred to as "W3's phone"), W-3 was in contact with the SUBJECT PHONE at 7:30 pm, 8:33 pm, and 11:17 pm (for two minutes and twenty three seconds) on September 30, 2018 and again at 4:46 am and 8:40 am on October 1, 2018.

28.     According to law enforcement databases, the SUBJECT PHONE number is associated with Nicolette Baker, who has a child with LIPSCOMBE. In particular, two unrelated reports prepared on August 9, 2018, and January 15, 2019, respectively, list the SUBJECT PHONE number as the contact phone number for BAKER.

29.     In addition, records obtained from T-Mobile establish that LIPSCOMBE began using a new phone on October 1, 2018, assigned telephone no. (240) 253-3596 ("Lipscombe New Phone").

30. Significantly, the first time W-3's phone makes contact with Lipscombe's New Phone is on October 1, 2018 at 7:52 pm. W3's phone appears to simultaneously discontinue communication with the SUBJECT PHONE at that time.

31. Based on my training and experience, there is probable cause to believe that LIPSCOMBE was using the SUBJECT PHONE in the days leading up to, and in the hours following, the robbery. Accordingly, the historic cell site data and other records described in Attachment B for the Sprint assigned phone no. (301) 586-2431 will provide information about where the SUBJECT PHONE was located in relation to the offenses and locations described above.

32. Additionally, location about where the SUBJECT PHONE was in the weeks before and after will assist law enforcement in identifying where LIPSCOMBE is staying, which may be information law enforcement will need if it seeks a search warrant at a later date for LIPSCOMBE's residence for evidence of the TARGET OFFENSES. Sprint is the Provider for the SUBJECT PHONE and is in possession of the records described in Attachment B.

33. In my training and experience, I have learned that Sprint is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are

often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

34.     Based on my training and experience, I know that Sprint can collect cell-site data about the SUBJECT PHONE. I also know that wireless providers such as Sprint typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes. Based on my training and experience, I know that wireless providers such as Sprint typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as Sprint typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the SUBJECT PHONE's user or users and may assist in the identification of co-conspirators.

## AUTHORIZATION REQUEST

35. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

36. I further request that the Court direct Sprint to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on Sprint, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

37. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully submitted,

_____
Riley Palmertree
Special Agent
Federal Bureau of Investigation

Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on March 20, 2020.

_____
Robin M. Meriweather
UNITED STATES MAGISTRATE JUDGE